**KELLSTONE INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 73-2088.

United States Court of Appeals,
Sixth Circuit.

Argued April 5, 1974.

Decided April 10, 1974.

A. David Mikesell, Charles H. Tobias, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., on brief, for petitioner.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Jay E. Shanklin, John M. Flynn, Attys., National Labor Relations Board, Washington, D. C., on brief, for respondent.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

ORDER

This case is before the Court on the petition of Kellstone, Inc., (the Company) to review and set aside an order issued by the National Labor Relations Board on September 24, 1973, and upon the cross-application of the Board for enforcement of its order reported at 206 NLRB No. 27.

The Board, contrary to the findings of the Administrative Law Judge, found that the Company wrongfully repudiated its contract with the Kelley's Island Employees Association (the Association) as well as its entire bargaining obligation under the Act. It further found that the employees struck in response to this action by the Company and that they were accordingly unfair labor practice strikers. After such repudiation of its contract with the Association, a majority of the employees, as found by the Board, selected the Steelworkers' Union as their collective bargaining representative. Consequently, the Board concluded that the Company violated Sec. 8(a)(5) and (1) of the Act by repudiating its contract with the Association and by repudiating its entire statutory bargaining obligation. As the Board found that the strike was in protest of the Company's unfair labor practices, it further determined that the Company violated Sec. 8(a)(3) and (1) by discharging and refusing to reinstate the striking employees.

The Board's order requires the Company to cease and desist from these unfair labor practices or in any other manner interfering with, restraining or coercing employees in the exercise of their rights under Sec. 7 of the Act. The order further affirmatively requires the Company to bargain upon request with Local 8070, United Steelworkers, as the duly designated exclusive bargaining representative in the appropriate unit, and to offer reinstatement with back pay to the employees discriminated against. The order also directs the posting of the usual notices.

Upon consideration of the entire record, the Court finds that the Board's factual findings are supported by substantial evidence on the record considered as a whole, that its legal conclusions are in conformity with applicable and controlling principles of law, and further, that its remedial order is adequate and proper to meet the violations found to have occurred.

It is therefore ordered that the petition for review filed on behalf of the Company is hereby denied. The Board's application is granted and its order of September 24, 1973, will be accordingly enforced.